**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TED S. GAGACKI,

        Plaintiff,

v.                                          Case No. 14-11378
                                              Hon. Lawrence P. Zatkoff

GREEN TREE SERVICING LLC,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 7, 2015

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Green Tree Servicing LLC's Motion to Dismiss [dkt. 4]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED.

## II. BACKGROUND

A.  FACTUAL BACKGROUND

This matter involves real property located at 21556 Military, Dearborn, Michigan, 48124 (the "Property"). Both parties agree that on April 9, 2004, Plaintiff Ted S. Gagacki ("Plaintiff") executed a note (the "Note") and mortgage (the "Mortgage") for $114,000.00 securing the

Property. *See* Dkt. # 4, Ex. A. The Mortgage identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the original mortgagee. *Id.* On March 3, 2010, MERS assigned the Mortgage to BAC Home Loans Servicing ("BAC"). *See* Dkt. # 4, Ex. B. On June 26, 2013, Bank of America, N.A., as successor by merger to BAC, assigned the Mortgage to Defendant Green Tree Servicing LLC ("Defendant"). *See* Dkt. # 4, Ex. C.

As the parties submit contradictory information with regards to the alleged default in this matter, the Court provides the remaining facts as presented by each party.

    I. Defendant

Defendant asserts that "Plaintiff defaulted under the terms of the mortgage and corresponding note by failing to make the requisite payments." Dkt. # 4, p. 8. Defendant argues that, on September 10, 2013, Plaintiff was sent statutory notice of this default, pursuant to MCL § 600.3205a. *Id.* Defendant provides as evidence of this notice a copy of the letter allegedly sent to Plaintiff, along with records from the United States Postal Service to indicate Plaintiff received the notice on September 11, 2013. *See* Dkt. #4, Ex. D. Defendant asserts Plaintiff never responded to the notice and never requested a meeting with Defendant.

On October 22, 2013, Defendant asserts a notice of foreclosure was posted to the front door of the Property. Additionally, Defendant asserts notice was published in the legal news for four consecutive weeks beginning October 16, 2013. On November 14, 2013, Defendant purchased the property at a sheriff's sale and recorded the sheriff's deed. *See* Dkt. # 4, Ex. E. Defendant notes that, as the sheriff's sale occurred on November 14, 2013, the redemption period for the sheriff's deed expired May 14, 2014.

II. Plaintiff

Plaintiff never explicitly denies defaulting under the terms of the Mortgage. In his response to Defendant's motion, however, Plaintiff presents evidence that he entered into a loan modification agreement (the "Loan Modification") with Bank of America, N.A., on January 26, 2013, prior to the assignment of the Mortgage to Defendant. *See* Dkt. # 7, Ex. 3. According to the terms of the Loan Modification, Plaintiff was to make payments under the terms of the Loan Modification starting March 1, 2013. Further, the Loan Modification states that the Mortgage and the Note "will automatically become modified on 03/01/2013." *Id*. at p. 11. Plaintiff also submits copies of checks he allegedly paid under the terms of the Loan Modification from March 2013 through September 2013. *Id.* at pp. 20 – 25.

Notably, the Loan Modification presented by Plaintiff is not signed by either Plaintiff or a representative of Defendant. *Id.* at p. 19. Several of the checks submitted by Plaintiff also appear to violate the terms of the unsigned Loan Modification, as they were either submitted late or were for less than the required monthly payments. *Id*. at pp. 21 – 25.

B. PROCEDURAL BACKGROUND

On March 18, 2014, Plaintiff filed a complaint in Wayne County Circuit Court. Defendant removed the matter to this Court on April 3, 2014 [dkt. 1]. In his complaint, Plaintiff:

1) brings an action to quiet title (Count I);
2) alleges Defendant breached MCL § 600.3205 by failing to send Plaintiff a letter notifying him that the Mortgage was in default and by failing to determine whether Plaintiff was "eligible under MCLA 600.3205c (2) through (4)" (Count II);
3) requests conversion of the foreclosure by advertisement to a judicial foreclosure "pursuant to MCLA 600.3205C(8) (Count III); and

4) seeks injunctive relief, asking the Court to "grant his Motion and Stay and Toll the Redemption Period based upon the fact that Plaintiff has attempted to obtain a Loan Modification in good faith to no avail." (Count IV).

Defendant filed the instant motion on April 11, 2014, seeking an order of dismissal due to Plaintiff's failure to state a claim upon which relief can be granted [dkt. 4].

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011) (citing *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009)). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. "But where the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)).

### IV. ANALYSIS

Even accepting all factual allegations in Plaintiff's complaint as true, the Court finds that Plaintiff has failed to state a claim upon which the Court may grant relief. As such, Plaintiff's complaint must be dismissed.

A. PLAINTIFF'S QUIET TITLE CLAIM (COUNT I) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In his complaint, Plaintiff alleges Defendant intentionally took actions designed to preclude Plaintiff from "entering into a Loan Modification [to] keep possession of his home." Dkt. # 1, p. 12. Plaintiff contends that he is therefore entitled to "all legal title" in the Property. *Id.* Defendant asserts that a request to quiet title is not a cause of action but a remedy. Further, Defendant argues Plaintiff has failed to allege or prove a prima facie case that title in the Property should be granted to Plaintiff.

"In Michigan a quiet title action is a statutory cause of action." *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 803 (E.D. Mich. 2012) (J. Lawson) (citing MICH. COMP. LAWS § 600.2932(1)).[1] A complaint advancing a quiet title action must allege: a) the interest the plaintiff claims in the premises; b) the interest the defendant claims in the premises; and c) the facts establishing the superiority of the plaintiff's claim. *See* MICH. CT. R. 3.411(B)(2)(a)–(c). Further,

---

[1] The Court notes that several recent Sixth Circuit opinions indicate that a "quiet title action" is not an independent cause of action in Michigan. *See, i.e., Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928 (6th Cir. 2013); *Jarbo v. Bank of New York Mellon*, No. 14-1023, 2014 WL 4941982 at *2 (6th Cir 2014). The Court finds that the language of MCL § 600.2932(1) explicitly creates an individual cause of action for quiet title. As the Sixth Circuit opinions in *Goryoka* and *Jarbo* are unpublished, the Court finds they lack precedential value and are unpersuasive. *See Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995).

5

in an action to quiet title, the plaintiff has the burden of proof and must make out a prima facie case of title. *See Khader v. PNC Bank, N.A.*, 577 Fed. App'x. 470, 478 (6th Cir. 2014) (citing *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 600 N.W. 2d 698, 700 (1999)).

Upon review of Plaintiff's complaint, the Court finds that Plaintiff has failed to satisfy his burden in making out a prima facie case of title. Plaintiff's complaint does not address any of the three prongs required by Michigan Court Rule 3.411 to establish a quiet title action. Indeed, Plaintiff's complaint is completely devoid of any factual allegations that would "raise a right to relief above the speculative level" to support a quiet title claim. The Court will not allow Plaintiff to substitute blanket assertions of entitlement to relief for the requisite factual proof necessary under Michigan Court Rule 3.411.

Accordingly, the Court finds that Plaintiff's quiet title count fails to state a claim upon which relief may be granted.

B. COUNTS II AND III OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Counts II and III of Plaintiff's complaint allege Defendant "breached" MCL § 600.3205 in several ways. Plaintiff asserts Defendant violated this law when it "never sent and the Plaintiff never received the 30 day letter." Dkt. # 1, p. 13. Plaintiff also alleges Defendant failed to freeze foreclosure proceedings for 90 days to work with Plaintiff on modifying the Mortgage, failed to determine whether Plaintiff was "eligible under MCLA 600.3205c (2) through (4)" and failed to send Plaintiff a "denial letter with the required calculations before the Sheriff's Sale." *Id*. Finally, Plaintiff asserts Defendant violated MCL § 600.3205c (1) through (3) by failing to reach a loan modification agreement with Plaintiff. *Id*. at p. 15. Plaintiff contends he is entitled to have "the

6

Foreclosure by Advertisement converted to a Judicial Foreclosure" due to these alleged violations. *Id*.

Defendant argues that it did provide Plaintiff with all the requisite notice prior to commencing foreclosure proceedings on the Property. Specifically, Defendant indicates it sent Plaintiff notice of the impending foreclosure, and provides this Court with both the notice that was allegedly sent to Plaintiff and the United States Postal Service's Proof of Service. *See* Dkt. # 4, Ex. D. Defendant further asserts that Plaintiff never asked Defendant to determine whether he was eligible for a loan modification. Defendant cites to an affidavit of compliance attached to the recorded sheriff's deed in this matter as proof that neither Plaintiff nor a housing representative contacted Defendant to set up a meeting to modify the Mortgage within the required time period. *See* Dkt. # 4, Ex. E, p. 5. Defendant contends this failure indicates Defendant had no obligation to cease foreclosure proceedings for 90 days or provide a copy of the calculations and guidelines to which Plaintiff alludes. *See* Dkt. # 4, pp. 13. Finally, Defendant asserts that conversion of the foreclosure to a judicial foreclosure is no longer available to Plaintiff, because the sheriff's sale has already occurred. *Id.* at p. 15. Instead, Defendant argues that Plaintiff — due to his failure to redeem the Property prior to the expiration of the redemption period — may undo the foreclosure sale only by demonstrating fraud or irregularity in the foreclosure proceedings. As Plaintiff does not show or allege any fraud or irregularity in the proceedings in this matter, Defendant asserts these claims must fail.

With limited exceptions, post redemption challenges to foreclosures are not allowed. *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) ("Michigan Courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made a 'clear showing of fraud or

irregularity.'") (internal citations omitted).  Additionally, "not just any type of fraud will suffice. Rather, 'the misconduct must relate to the foreclosure procedure itself.'" *Id.* at 360 (internal quotations omitted).

Upon review of Plaintiff's complaint, the Court finds that counts II and III fail to state a claim upon which relief may be granted. Although Plaintiff alleges "Defendant never sent and the Plaintiff never received" notice of Plaintiff's default, the evidence contained in Defendant's current motion proves that Defendant provided Plaintiff with the notice required under MCL § 600.3205.[2] As further proof that the notice required by MCL § 600.3205 was given to Plaintiff — and that Plaintiff failed to respond — Defendant's Motion to Dismiss includes a sworn affidavit of compliance indicating notice was given and Plaintiff failed to contact Defendant at any time prior to the foreclosure sale. *See* Dkt. # 4, Ex. E, p. 5. Michigan law states that such an affidavit should be treated as "presumptive evidence of the facts therein contained." *See* MICH. COMP. LAWS § 600.3264.  Additionally, Defendant correctly notes that MCL § 600.3205 does not require Defendant to provide Plaintiff with a loan modification; instead, it requires only that Defendant notify Plaintiff of an impending foreclosure and to negotiate with Plaintiff should Plaintiff reach out to Defendant. As Plaintiff failed to contact Defendant within the required timeframe, the foreclosure sale cannot and should not be set aside without a clear showing of fraud or irregularity. Finally, Defendant cites to numerous cases[3] establishing that, even if it did violate MCL § 600.3205, this alone is insufficient to justify setting aside a completed foreclosure sale.

---

[2] The Court notes that MCL § 600.3205 was repealed, effective June 20, 2013. *See* MICH. COMP. LAWS § 600.3205a-600.3205d. This repeal raises the issue of whether the requirements included in MCL § 600.3205 pertain to foreclosure actions taken after it was repealed. *See Lossia v. JPMorgan Chase Bank, Nat. Ass'n*, No. 2:14-11361, 2014 WL 4064258, at *2-3 (E.D. Mich. Aug. 18, 2014) (J. Battani). As neither party objects to the applicability of MCL § 600.3205 in this matter, however, the Court will not address the issue further.

[3] *See Dingman v. One West Bank, FSB*, 859 F.Supp. 2d 912, 922 (E.D. Mich. 2012); *Steinberg v. Fed. Home Loan Morg. Corp.*, 901 F. Supp. 2d 945, 953 (E.D. Mich. 2012); *Davidson v. JP Morgan Chase Bank, N.A.*, 2014 WL 1338805 (E.D. Mich. April 3, 2014).

Plaintiff does not attempt to refute Defendant's notice argument in his response, instead merely asserting that "the parties agreed to the Loan Modification process." *See* Dkt. # 7, p. 8. The Court finds that such a contention has no bearing on the claims included in Plaintiff's complaint.[4] Although Plaintiff's response to Defendant's Motion to Dismiss also alludes to some sort of fraud or irregularity occurring in connection to the foreclosure of the Property, the Court finds none of Plaintiff's filings contain factual allegations that would support such a claim. Indeed, Plaintiff's complaint does not contain even a single allegation of fraud or irregularity committed by Defendant. Therefore, the Court finds that Plaintiff has failed to provide a clear showing of fraud or irregularity that would warrant setting aside the foreclosure sale or converting the foreclosure to a judicial foreclosure in this matter.

Accordingly, the Court finds that counts II and III of Plaintiff's complaint fail to state a claim upon which relief may be granted.

C. COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The final count of Plaintiff's complaint — titled "Injunction and Other Relief" — asks that this Court grant "his Motion and Stay and Toll the Redemption period based upon the fact that Plaintiff has attempted to obtain a Loan Modification in good faith to no avail." Dkt. # 1, p. 15. Plaintiff clarifies this request for a "stay" in his response to Defendant's current motion, stating that dismissal at this junction would be premature, as "plaintiff is requesting a Stay of Defendant's Motion to Dismiss pending discovery under FRCP 56(D)." Dkt. # 7, p. 8. In support of this request, Plaintiff attaches an affidavit to his response from Plaintiff's counsel, stating that

---

[4] In Plaintiff's response to Defendant's motion, Plaintiff includes seven new causes of action. *See* Dkt. # 7, pp. 13 – 17. As Defendant correctly indicates, however, Plaintiff's complaint does not include any factual or legal allegations that would allow this Court to consider these additional claims. Further, these claims appear to involve a third-party — Bank of America — that is not involved in this suit. As such, the Court will not address these issues further.

9

"discovery is required to determine whether the Defendant violated the Loan Modification process." Dkt. # 7, Ex. 4, p. 3.

The Court finds that count IV of Plaintiff's complaint fails to state a claim upon which relief may be granted. At the outset, Defendant correctly indicates that injunctive relief is not a separate cause of action, but rather a type of relief the Court may grant. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). As all of Plaintiff's claims for which relief may have been granted fail as a matter of law, Plaintiff is not entitled to injunctive relief. Further, the Court finds Plaintiff's request to "stay Defendant's Motion to Dismiss pending discovery under FRCP 56(D)" unconvincing. Rule 56(d) of the Federal Rules of Civil Procedure is inapplicable in the instant matter, as it applies only to discovery in opposition of a motion for summary judgment, whereas Defendant's current motion is a motion to dismiss. More importantly, the Court finds Plaintiff has provided no claim that would warrant additional discovery into whether Defendant "violated the Loan Modification Process."

Accordingly, the Court finds that Plaintiff's injunctive relief count fails to state a claim upon which relief may be granted.

## V. CONCLUSION

For the reasons state above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt. 4] is GRANTED.

IT IS SO ORDERED.

                                                s/Bernard A. Friedman for
                                                HON. LAWRENCE P. ZATKOFF
Date:  January 7, 2015                U.S. DISTRICT JUDGE